# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON, | CASE NO. 1:10-CV-1918-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS BE GRANTED |
| v. | |
| MATTHEW CATE, et al., | (DOC. 18) |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

## Findings And Recommendations

**I.  Background**

Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se.  This action is proceeding on Plaintiff's complaint, filed October 14, 2010, against Defendants Matthew Cate and Kelly Harrington for racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.  Pending before the Court is Defendants' motion to dismiss, filed July 18, 2011.  Defs.' Mot. Dismiss, Doc. 18.  Plaintiff filed his opposition on August 5, 2011.  Pl.'s Opp'n, Doc. 19.  Defendants filed their reply on August 12, 2011.  Defs.' Reply, Doc. 20.  The matter is submitted pursuant to Local Rule 230(l).

**II.  Motion To Dismiss**

Defendants move to dismiss on two grounds: 1) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 2) statute of limitations.

**A.     Failure To State A Claim**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  The federal system is one of notice pleading.  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**1.     Summary Of Complaint**

Plaintiff's complaint alleged the following.  Plaintiff has been in CDCR custody since 1987, and has been housed at seven prisons. Pl.'s Compl. ¶ 1.  Plaintiff was allowed only to vote for African American prisoners for the inmate advisory council ("IAC") at each prison.  *Id.* Defendant Cate, the secretary of CDCR, and Defendant Harrington, warden of Kern Valley State Prison, where the events alleged occurred, had instituted a policy, practice, or pattern of not allowing Plaintiff to participate in the voting process of Mexican and Caucasian prisoners to the IAC housing unity representatives.  *Id.* ¶ 2.  African American prisoners are not allowed to vote for Mexican or Caucasian IAC housing unit representatives.  *Id.*

On November 23, 2009, Plaintiff, an African American, participated in the election of an African American prisoner for IAC representative of C5 housing unit in KVSP.  *Id.* ¶ 3.  Only African Americans were allowed to vote for black inmates who were running for IAC building

representative. *Id.*

Plaintiff alleges that Defendants were aware that in each of their prison institutions inmates established self-imposed politics discouraging inmates from voting outside of their race for inmates to be IAC representatives and their failure to correct these problems subjected Plaintiff to racial discrimination for the past 24 years. *Id.* ¶ 7.

**2.     Analysis**

Defendants contend that Plaintiff has failed to state a claim. Defendants contend that Plaintiff has not alleged specific facts linking Defendants Cate and Harrington to a policy that caused the alleged violation. Defs. Mot. Dismiss 4:26-5:17. Defendants contend that Plaintiff's allegations are at most conclusory. *Id.* Additionally, Defendants contend that Defendant Harrington could not have caused violations at each of Plaintiff's previous prisons over the past 24 years, as Defendant Harrington is the warden of KVSP. *Id.* Defendants contend that Plaintiff's allegations are unreasonable inferences and vague.

Plaintiff contends that he did not allege a violation against Defendants Cate and Harrington for the alleged violations at previous prisons, but only for KVSP, when he first attempted to vote outside of his race. Pl.'s Opp'n 4:1-14. Plaintiff attaches a declaration to his opposition. Ex. A, Pl.'s Decl. ¶ 3. However, a motion to dismiss for failure to state a claim can only examine the operative pleading, not declarations in oppositions. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998) (district court may not consider materials outside the complaint and pleadings when resolving motion to dismiss for failure to state a claim).

Defendants' argument is correct. Plaintiff's only allegation against Defendants Cate and Harrington is that they implemented a policy of not allowing Plaintiff to vote outside of his race for IAC representatives. Plaintiff's allegations are conclusory, as he has not sufficiently linked Defendants to such policy.

The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her

3

own misconduct.

When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges at most legal conclusions that Defendants participated in the alleged deprivation of Plaintiff's constitutional rights through the promulgation of this alleged policy, which is insufficient to state a claim. *Iqbal*, 129 S. Ct. at 1949.

### B.      Statute Of Limitations

Defendants contend that Plaintiff's claims violate the statute of limitations because it involves a violation that occurred over 24 years ago. Defs.' Mot. Dismiss 6:17-8:2. Plaintiff contends that he did not become aware of the alleged violation until November 23, 2009. Pl.'s Opp'n 5-6.

Because § 1983 contains no specific statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). Federal courts should also borrow all applicable provisions for tolling the limitations period found in state law. *Wallace*, 549 U.S. at 387. Prior to January 1, 2003, the limitations period for an action for a personal injury caused by the wrongful or negligent act of another was one year. Cal. Civ. Proc. Code § 340.3 (Deering 2002). Beginning January 1, 1995, prisoners were limited to two years tolling during incarceration. Cal. Civ. Proc. Code § 352.1(a) (West 2006). The two-year tolling statute, effective January 1, 1995, "applies retroactively as long as a plaintiff had a reasonable time after January 1, 1995 to bring suit." *Fink v. Shedler*, 192 F.3d 911, 915 (9th

Cir. 1999). Thus, claims that "accrued before January 1, 1995, are tolled for two years from accrual, or until January 1, 1995, whichever occurs later, as long as such an application does not result in manifest injustice." *Id.* at 916. Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. *Lukovsky*, 535 F.3d at 1048. A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Id.*

Plaintiff contends that his complaint does not violate the statute of limitations, as his suit concerns an alleged incident on November 23, 2009. However, as currently alleged in the complaint, Plaintiff's claim is in violation of the statute of limitations. Plaintiff's pleadings concern a discriminatory voting policy for the past 24 years, thus implying Plaintiff's awareness of the violation over 24 years ago. *See* Compl. ¶ 7. Plaintiff's complaint, filed October 14, 2010, would clearly be untimely. Plaintiff's declaration attached to his opposition indicates that he did not become aware of the violation until November 23, 2009, when he attempted to vote outside of his race. However, pleadings cannot be amended via a declaration attached to an opposition. *See* L. R. 220 (amended pleading is to be complete in itself). Thus, Plaintiff's complaint, as currently plead, is in violation of the statute of the limitations.

**C.    Leave To Amend**

The Court finds that Plaintiff may be able to amend his pleadings to state a cognizable claim. Thus, leave to amend will be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Once filed and served, the Court will screen Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A before ordering Defendants to respond. The Court provides the following instructions regarding Equal Protection claims and amended pleadings.

**1.    Equal Protection**

The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th

5

Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).  A plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009) (internal quotations and citation omitted); *see Iqbal*, 129 S. Ct. at 1949-50.

### 2. Amended Pleadings

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

### III. Conclusion And Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, filed July 18, 2011, should be granted;
2. Plaintiff's complaint, filed October 14, 2010, be dismissed for failure to state a claim upon which relief may be granted; and
3. Plaintiff be granted leave to file a first amended complaint within thirty days from the date of service of the District Judge's order resolving these Findings and Recommendations.

///

1   These Findings and Recommendations will be submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **twenty-**
3   **one (21) days** after being served with these Findings and Recommendations, the parties may file
4   written objections with the Court.  The document should be captioned "Objections to Magistrate
5   Judge's Findings and Recommendations."  The parties are advised that failure to file objections
6   within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*
7   *Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

   IT IS SO ORDERED.

   Dated:   **November 17, 2011**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE