**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON S. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　　Defendants. | Case No. 1:10-cv-01918-LJO-DLB PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br><br>**ECF No. 25**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**Findings and Recommendations**

**I.    Background**

　　　Plaintiff Garrison S. Johnson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. On October 14, 2010, Plaintiff initiated this action by filing his complaint. ECF No. 1. On May 4, 2011, the Court screened Plaintiff's complaint and directed service against Defendants Matthew Cate and Kelly Harrington. On July 18, 2011, Defendants filed a motion to dismiss for failure to state a claim. On January 11, 2012, Defendants' motion was granted. Plaintiff was granted leave to file a First Amended Complaint. On February 6, 2012, Plaintiff filed his First Amended Complaint. ECF No. 25. The amended complaint is before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of First Amended Complaint

Plaintiff was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants Matthew Cate, director of CDCR, and Kelly Harrington, warden of KVSP.

Plaintiff alleges the following. Defendants Cate and Harrington instituted a policy or practice of not allowing Plaintiff, an African American, to participate in the voting process of Mexican and Caucasian prisoners to the inmate advisory council ("IAC") as housing unit representatives. Plaintiff alleges that on November 23, 2009,[1] Plaintiff participated in the election of an African American prisoner as an IAC representative for C5-housing unit. Only African American inmates were allowed to vote for the African American prisoner IAC representative.

Defendants were aware that KVSP had a policy of racial segregation and discrimination of voting for IAC housing unit representatives. Defendants were aware that KVSP inmates established self-imposed politics which discouraged inmates from voting outside of their race for IAC representatives, and that Defendants failed to correct these issues, subjecting Plaintiff to racial discrimination.

---

[1] Plaintiff's amended complaint lists the date as "November 22, 229." This appears to be error.

2

Plaintiff alleges a violation of the Equal Protection Clause of the Fourteenth Amendment. Plaintiff requests as relief compensatory and punitive damages, and injunctive relief, ordering CDCR to cease its policy of allowing inmates' self-imposed politics to discourage inmates from voting outside of their racial groups.

### III.   Analysis

The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted).

To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon his membership in a protected class. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). The plaintiff must demonstrate that he was intentionally treated differently from others similarly situated. *Thornton*, 425 F.3d at 1167.

Any race-based classification imposed by the government violates the Equal Protection Clause of the Fourteenth Amendment, unless the government can show that the classification is narrowly tailored and it furthers a compelling government interest. *Johnson v. California*, 543 U.S. 499, 505 (2005). To meet this standard, defendants must show that reasonable minds could not differ regarding the necessity of the racial classification in response to the subject prison disturbance and is the least restrictive alternative, i.e., is narrowly tailored to achieve legitimate prison goals. *Richardson v. Runnels*, 594 F.3d 666, 671 (9th Cir. 2010).

Plaintiff fails to state a claim against Defendants Cate and Harrington. Defendants violate the Equal Protection Clause when they discriminate against prisoners based on his membership in a protected class. However, based on Plaintiff's allegations, it is prisoners who discourage other prisoners from voting for IAC representatives of other races. Plaintiff fails to allege facts which demonstrate that Defendants acted with an intent or purpose to discriminate against Plaintiff based on his race. Plaintiff alleges only that Defendants failed to stop prisoners from imposing these policies. Defendants are not the cause of the racial voting policies. *See Johnson*, 543 U.S. at 505

(equal protection applicable when racial classification imposed by government).

Plaintiff had previously been provided an opportunity to amend his complaint. The Court finds that further leave to amend should not be granted.

**IV.     Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within **fourteen (14) days** after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).1

IT IS SO ORDERED.

Dated:   **September 10, 2012**              /s/ *Dennis L. Beck*
                                                               UNITED STATES MAGISTRATE JUDGE

4