# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRISON JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>JEFFREY A. BEARD, et al.,<br><br>    Defendants. | 1:10-cv-01918 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>THIRTY-DAY DEADLINE |

Plaintiff Garrison Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. He filed this action on October 14, 2010. On May 4, 2011, the Court screened Plaintiff's complaint and directed service against Defendants Matthew Cate and Kelly Harrington. On July 18, 2011, Defendants filed a motion to dismiss for failure to state a claim. On January 11, 2012, Defendants' motion was granted. Plaintiff was granted leave to file a First Amended Complaint. On February 6, 2012, Plaintiff filed his First Amended Complaint. On September 11, 2012, the Court issued a Findings and Recommendation that the action be dismissed for failure to state a claim. On December 19, 2012, the District Court adopted the Findings and Recommendation and dismissed the action. Plaintiff appealed to the Ninth Circuit Court of Appeals. On July 31, 2014, the Ninth Circuit vacated the judgment and remanded the case to this Court to give Plaintiff another opportunity to file an amended

complaint.  On September 2, 2014, the Court granted Plaintiff leave to file an amended complaint.  On September 22, 2014, Plaintiff filed his Second Amended Complaint ("SAC").  On October 14, 2014, Defendants filed a motion to dismiss the complaint.  Plaintiff filed a motion to deny Defendants' motion as premature.  Defendants filed a response to Plaintiff's motion on October 30, 2014.  Defendants concede that the motion to dismiss is premature since the Court has not yet screened the SAC; however, Defendants argue that nothing precludes the Court from considering the parties' arguments in screening the SAC.  The Court agrees.  Therefore, the parties' arguments will be considered.

     A.     **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting

Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.**     **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California State Prison in Lancaster. The events giving rise to this action occurred while Plaintiff was incarcerated at Kern Valley State Prison.

Plaintiff alleges that Defendants Beard and Harrington have promulgated or implemented the policies contained in California Code of Regulations Title 15, § 3230(a), and Departmental Operational Manual §§ 53120 and 53120.4(a), that intentionally exclude Plaintiff and other African American prisoners from the election voting process of Caucasian and Mexican prisoners for Inmate Advisory Council ("IAC") building representatives because of their race.

Plaintiff alleges that on November 23, 2009, Plaintiff, an African-American, was approached and asked to participate in the Inmate Advisory Council election voting process by another African-American inmate. Plaintiff states that the inmate informed him that African-American inmates may only vote for inmates of their same ethnicity, and they cannot vote

outside of their own race. Plaintiff states he informed the inmate that he wanted to participate in the voting process of Caucasian and Mexican inmates who were seeking election to be IAC representatives. Plaintiff states the inmate informed him that IAC rules prohibit him from voting for any race or ethnicity outside of his race.

Plaintiff contends that Defendants promulgated or implemented a law and policy concerning voting elections of inmates to building representatives that is racially discriminatory and unconstitutional.

## C. DISCUSSION

### 1. Case or Controversy Requirement

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Human Life of Washington Inc. v. Brumsickle, 624 F.3d 990, 1000 (9th Cir. 2010); Chandler v. State Farm Mutual Auto. Ins. Co., 598 F.2d 1115, 1121-22 (9th Cir. 2010). This requires Plaintiff to demonstrate that he has standing to sue by showing (1) an injury-in-fact, (2) causation, and (3) a likelihood that the injury will be redressed by a decision in his favor. Human Life of Washington Inc., 624 F.3d at 1000 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130 (1992)) (quotation marks omitted).

Here, Plaintiff fails to establish any of the three requirements. Plaintiff does not demonstrate any injury-in-fact from being unable to vote for another ethnic group's representative. He also fails to demonstrate causation. He admits he was denied the opportunity to vote by another inmate, not by Defendants. Last, he cannot show a likelihood that his injury will be redressed by a decision in his favor. Plaintiff has no present interest in the manner in which inmates at Kern Valley State Prison elect their IAC representatives since Plaintiff is no

longer there.  Any injunction against Kern Valley officials would not redress any injury to Plaintiff.  Therefore, Plaintiff lacks standing to sue.

    2.    Linkage

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue.  Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Plaintiff fails to link Defendant Beard to any violation of his constitutional rights.  Plaintiff states the alleged violation occurred on November 23, 2009.  Defendant Beard did not become Secretary of the CDCR until December 27, 2012, which was over three years after the alleged violation occurred.[1]  Therefore, Defendant Beard could not have personally committed the alleged violation.

In addition, Plaintiff fails to establish that either Defendant Beard or Harrington were personally responsible for allegedly depriving him of a constitutional right.  Plaintiff admits that he was prohibited from voting for a Caucasian or Mexican IAC representative by an African-American IAC representative, not by Defendants.  Plaintiff fails to show that Defendants took any action which allegedly violated his constitutional rights.

---

[1] The Court takes judicial notice of Exhibit 3 of Defendant's Request for Judicial Notice.  See United States v. 14.02 Acres of Land More or Less in Fresno County, 547 F.3d 943, 955 (9th Cir. 2008) (The Court may take judicial notice of matter of public record, including records and reports of administrative agencies).

3.     Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech; 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon his membership in a protected class. Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). The plaintiff must demonstrate that he was intentionally treated differently from others similarly situated. Thornton, 425 F.3d at 1167.

Any race-based classification imposed by the government violates the Equal Protection Clause of the Fourteenth Amendment unless the government can show that the classification is narrowly tailored and it furthers a compelling government interest. Johnson v. California, 543 U.S. 499, 505 (2005). To meet this standard, defendants must show that reasonable minds could

not differ regarding the necessity of the racial classification and is the least restrictive alternative, i.e., is narrowly tailored to achieve legitimate prison goals.  <u>Richardson v. Runnels</u>, 594 F.3d 666, 671 (9th Cir. 2010).

In this case, § 3230(a) of the prison regulations provides that "[e]ach warden shall establish an inmate advisory council, which is representative of that facility's inmate ethnic groups."[2]  Cal. Code Regs. Tit. 15, § 3230(a).  Also, the Department Operations Manual states that "IAC representation shall be provided for all ethnic segments of the general inmate population and of inmates within a designated representation area or activity."[3]  Dep't Ops. Manual, Ch. 5, Art. 38, § 53120.4.  The purpose of the IAC is to "act in an advisory capacity to the [prison staff] in matters of common interest and concern to the general inmate population and administration." Dep't Ops. Manual, Ch. 5, Art. 38, § 53120.1.  Clearly, the regulations do not disadvantage one ethnic group over another.  Indeed, the regulations only serve to promote equality by assuring that each ethnicity has a voice on the IAC.

Even if the regulations could be construed as infringing on Plaintiff's constitutional rights, there can be no dispute that restricting each ethnicity group's voting to members of that ethnicity is narrowly tailored to assure that each ethnic group is represented on the IAC.  The restriction guarantees that each ethnic group has an avenue to communicate its concerns to prison officials which in turn serves the State's compelling interest of caring for inmates in its custody.

4. <u>Voting Rights Act</u>

Plaintiff challenges the regulation and manual under § 2 of the Voting Rights Act of 1965.  However, there is no private cause of action for damages under the Voting Rights Act. <u>See</u> <u>Olagues v. Russoniello</u>, 770 F.2d 791, 805 (9th Cir. 1985).  In addition, the Voting Rights Act does not extend to private elections run by inmates.  Subsection 2(a) of the Act "prohibits all *States and political subdivisions* from imposing . . . ." <u>Thornburg v. Gingles</u>, 478 U.S. 30, 43

---

[2]  The Court takes judicial notice of Exhibit 1 of Defendant's Request for Judicial Notice.
[3]  The Court takes judicial notice of Exhibit 2 of Defendant's Request for Judicial Notice.

(1986) (emphasis added).  Kern Valley State Prison inmates are not state or local officials, and IAC elections are not public elections.

     5.     <u>Immunity</u>

Plaintiff asks for compensatory and punitive damages.  However, the "Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities."  <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted).  Therefore, Plaintiff's suit against Defendants in their official capacity is barred.

In addition, Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).  "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," <u>Pearson v. Callahan</u>, 555 U.S. 223, 231, 129 S.Ct. 808, 815 (2009), and protects "all but the plainly incompetent or those who knowingly violate the law," <u>Malley v. Briggs</u>, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so, whether the right was clearly established.  <u>Saucier v. Katz</u>, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001); <u>Mueller v. Auker</u>, 576 F.3d 979, 993 (9th Cir. 2009).  "[T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense:  The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Saucier</u>, 533 U.S. at 202.

In this case, Defendants are qualifiedly immune from civil damages because no reasonable official could have concluded that the regulation at issue violated Plaintiff's constitutional rights.  As discussed above, the sole purpose of the regulation is to assure that every ethnic group has a voice in the IAC.  The regulation only serves to promote equality.  No reasonable official would have concluded that the regulation violated principles of equal protection.

D.      **FINDINGS AND RECOMMENDATION**

Plaintiff's complaint fails to state any cognizable claims against any Defendant.  Plaintiff has been afforded several opportunities to amend, but has failed to correct the deficiencies.  Therefore, the Court finds that further amendment is not warranted and RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 6, 2014**                    /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE