# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARRISON JOHNSON,

    Plaintiff,

vs.

JEFFREY A. BEARD, et al.,

    Defendants.

) 1:10-cv-01918 LJO DLB PC
)
) ORDER DENYING MOTION FOR
) RECONSIDERATION
)
) [ECF No. 71]

    Plaintiff Garrison Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. He filed this action on October 14, 2010.

    On September 22, 2014, Plaintiff filed a Second Amended Complaint. On October 14, 2014, Defendants filed a motion to dismiss for failure to state a claim. On October 27, 2014, Plaintiff filed a motion to deny Defendants' motion to dismiss. Defendants filed a response to Plaintiff's motion on October 30, 2014.

    On November 7, 2014, the Magistrate Judge issued a Findings and Recommendation that recommended the action be dismissed for failure to state a claim. On November 10, 2014, Plaintiff filed an opposition to the motion to dismiss as well as a response to Defendants' response to his motion. On December 1, 2014, Defendants filed a reply to Plaintiff's response. On December 3, 2014, the Court construed Plaintiff's opposition to the motion to dismiss and his response to Defendants' response to his motion as an objection to the Magistrate Judge's

Findings and Recommendation. The Court adopted the Findings and Recommendation in full and dismissed the second amended complaint without leave to amend, thereby terminating the action. On December 8, 2014, Plaintiff filed objections to the Findings and Recommendation. On December 9, 2014, Defendants filed a response to the objections and suggested that the objections be construed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). On January 5, 2015, Plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(a),(b).

## DISCUSSION

Rule 60(a) allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order or other part of the record." Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed

clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

      Here, Plaintiff requests that the Court reconsider the order adopting the Findings and Recommendation and dismissing the action for failure to state a claim. Plaintiff contends that he timely filed objections which were not considered by the Court because the Court mistakenly construed, as his objections, the opposition and reply he filed after the Findings and Recommendation were issued. Plaintiff is advised that the Court construed his pleadings as objections because he had already responded to Defendants' motion to dismiss. Since Plaintiff had previously responded to Defendants' motion to dismiss, the pleadings he filed after the Findings and Recommendations were logically construed as his response thereto.

      In any case, the objections would not alter this Court's determination that the Findings and Recommendations were supported by the record and proper analysis. In his objections, Plaintiff states his disagreement with the Magistrate Judge's Findings and Recommendation. Then, in support of his disagreement, Plaintiff merely incorporates by reference the arguments he set forth in his opposition motion. These are the very same arguments the Court construed and considered as his objections which Plaintiff now complains was done in error. In other words, Plaintiff complains that the Court considered his opposition motion as his objections rather than the objections he later filed, yet he asks the Court to reconsider its decision by referring the Court

to arguments he presented in his opposition motion.  Since in effect Plaintiff presents the exact same arguments in his objections as he did in his opposition motion, the Court finds no reason to grant reconsideration.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

   Dated:   **March 17, 2015**　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE